Chief Justice Robertson,
delivered the opinion of the court. ■
Abraham Sublett filed his bill in chancery, seeking a decree against Richard Graham, George Graham, and the heirs of John Graham, fotr the amount of an alleged lost bond. The bill charges that John and George Graham,- who had a claim to, and were in possession of a tract of land in Lewis county, in this state, authorized Richard Graham to purchase for them an adversary claim, held by the complainant, toa part of the land; that, in pursuance of his authority, Richard Graham made a contract with him, in 1806, for his claim, and in consideration of á transfer then made of it, executed a bond for $>550, in his own name; that the bond had been lost or mislaid, but that no part of it had ever been paid; that George and Richard Graham, and the unknown heirs of John Graham are non-residents, but hold estate, real and personal, within the jurisdiction of the circuit court, the subjection of which, to the satisfaction of a decree sought by the bill, for the amount of the lost bond, is asked for, and seems to.have been the only purpose for which the court could have entertained jurisdiction of the bill.
George and Richard Graham answered; the former neither admitting nor denying the allegations of the bill positively ,|but denying that he had any distinct personal knowledge in relation to them; and the ter virtually and substantially admitting them.
The circuit court rendered a decree in personam¡ against George Graham, in his own right, and as administrator of John Graham, and against John Graham’s heirs, for the amount of the bond and legal interest on it from August, 1806.
ef i? not evidence agaius.. hi* ro-defendants.
To constitute nof resident heirs,partos toa suit, thprp must h® cation against
jhecourt shouldnotap-point a guar-fórínfants6”4 until the service of pro-oes3> ac,tua* tive, or a personal appear-anceby them.
This decree is erroneous for several reasons:
1st. There was no satisfactory or sufficient proof of (he allegations of the hill. The answer of R. ham was not evidence against bis co-defendants; his agency had, long since, ceased. His deposition was not taken, nor was there any other proof of the alie-gations Of the bill.
2d. The heirs of John Graham were not parties. There is no proof of publication against them, and until service of process, actual or constructive, or a personal appearance, the circuit court ought not to have appointed a guardian ad litem for them. The decree, as to them, is, theretore, erroneous.
3d. If the heirs of John Graham had been regularly before the court, it was improper to decree that iheiand which had descended to them, should not be liable to sale under the decree, if the estate of George Graham should be sufficient to satisfy it. Equity delights in equality, and strives to prevent unnecessary litigation. If, therefore, the decree in o'dier respects had been proper, the court erred in imposing the whole burthen, in the first instance, on one of the parties.
4th. As the suit was in rem the court would have had no right to render a decree in personam, unless the proper parties, as defendants, had answered the bill, and thereby given jurisdiction over the person. George Graha¡r,inhis own right, and as administrator of John Graham, having answered, as to him in his twofold character, a decree in personam might have been proper, if, in other respects, it had been unexceptionable.
We need not decide whether J. Graham’s heirs, would have been necessary parties, if a decree in personam could be rendered against George Graham, in his own right and as administrator of John Graham. George Graham did not, by answering, waive objection tojurisdiciion in personam, on the contrary, lie virtually objected to the jurisdiction. Therefore, the court could only decree in rem, and the heirs of John Graham are necessary parties in such a case.
Wherefore,it is ordered and decreed that the de cree, of the circuit court is reversed, and the cause i? *46 remanded for further proceedings,.according to the principles herein settled.
Denny and Triplett, for plaintiffs;. Reid, for defen» dants.